**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| **FRANCISCO HERNANDEZ-GOMEZ** | : | **BANKRUPTCY NO. 26-12918 (PMM)** |
| **Debtor** | : | |
| **CHRISTINE C. SHUBERT, in her capacity as the Chapter 7 Trustee for the Estate of FRANCISCO HERNANDEZ-GOMEZ** | : | |
| **Plaintiff** | : | |
| **v.** | : | **ADVERSARY NO. 26-** |
| **MEYLING DEL SOCORRO JIMENEZ-GOMEZ** | : | |
| **Defendant** | : | |

**COMPLAINT OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, TO AVOID AND RECOVER A FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 550**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee" and "Plaintiff") for the estate of Francisco Hernandez-Gomez (the "Debtor"), by and through her counsel, Karalis PC, hereby brings this Complaint against Meyling del Socorro Jimenez-Gomez (the "Defendant"), and in support thereof, respectfully avers as follows:

**JURISDICTION AND VENUE**

1. The Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Sections 544 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover a fraudulent transfer made to the Defendant.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).

3. Venue of this adversary proceeding is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1409(a).

4. The Court has personal jurisdiction over the Defendant pursuant to Fed. R. Bankr. P. 7004 and because the Defendant transacted and did business with the Debtor prior to the Petition Date (as defined hereinafter).

## PARTIES

5. The Plaintiff is the duly qualified and acting Chapter 7 Trustee in this bankruptcy proceeding.

6. The Defendant is an individual residing at 201 Commons Road, Unit 518, Dickinson, ND 58601.

7. The Defendant is the Debtor's wife.

## STATEMENT OF FACTS

### A. Procedural Background.

8. On July 10, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

9. On the Petition Date, the Office of the United States Trustee appointed Christine C. Shubert as Chapter 7 Trustee of the Debtor's estate, which appointment remains in effect.

### B. The Transfer.

10. On July 9, 2024, the Debtor sold residential real property located at 3611 Sussex

Lane, Philadelphia, PA 19114 (the "Property").

11. The Property was solely owned by the Debtor and the Defendant had no interest in it.

12. At closing on the Property, the Defendant received the sum of $49,791.65 (the "Transfer") and the Debtor received the sum of $21,339.28. The Settlement Statement is attached hereto as Exhibit "A" and made a part hereof.

13. At the time of the Transfer, the Debtor owed creditors in excess of $50,000.00 including, but not limited to, the Internal Revenue Service, Security Credit Services, ECMC, Bank of America, Comenity Capital, ED Financial, Upgrade and Midland Credit Management.

14. The Declaration of the Plaintiff in Support of this Complaint is attached hereto as Exhibit "B" and made a part hereof.

**COUNT I**

**To Avoid Actual Fraudulent Transfer Pursuant to 11 U.S.C. § 544**

15. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 14 hereof as if fully set forth herein at length.

16. A bankruptcy trustee may recover fraudulent transfers made by a debtor by the use of state law through the portal of 11 U.S.C. § 544(b)(1). In pertinent part, this statutory provision states:

> **(b)(1)** . . . the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title . . .

*See*, 11 U.S.C. § 544(b)(1).

17. The requisite state law theory that the Plaintiff seeks to apply in this action to avoid

the actual fraud incurred is § 5104 of the Pennsylvania Uniform Voidable Transactions Act (the "PUVTA"), which reads, in relevant part, as follows:

> (a) General rule. – A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (1) with actual intent to hinder, delay or defraud any creditor of the debtor . . .
>
> (b) Certain factors. – In determining actual intent under subsection (a)(1), consideration may be given, among other factors, to whether:
> (1) the transfer or obligation was to an insider;
> (2) the debtor retained possession or control of the property transferred after the transfer;
> (3) the transfer or obligation was disclosed or concealed;
> (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
> (5) the transfer was of substantially all the debtor's assets;
> (6) the debtor absconded;
> (7) the debtor removed or concealed assets;
> (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
> (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
> (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
> (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor . . .

*See*, 12 Pa. C.S.A. §§ 5104(a)(1) and (b).

18. In this action, a review of the present set of facts shows that the Plaintiff is empowered to pursue claims for a fraudulent transfer on behalf of the Debtor's estate.

19. In this action, a review of the present set of facts shows that the fraudulent transfer claims being pursued by the Plaintiff occurred within the applicable time-limitation period. The Transfer occurred within four (4) years of the Petition Date.

20. As set forth herein, the Debtor owed obligations to numerous creditors at the time

of the Transfer.

21. As set forth herein, at the time of the Transfer, the Debtor had no meaningful assets other than the Property.

22. As already stated, a review of the present set of facts clearly and convincingly demonstrates that the Debtor made the Transfer to the Defendant. *See*, Exhibit “A”.

23. Specifically, a review of the present set of facts clearly and convincingly demonstrates that the Transfer constituted a transfer of an interest of the Debtor in property.

24. That being so, the Plaintiff believes and therefore avers that the Debtor made the Transfer to the Defendant with actual intent to hinder, delay or defraud his creditors in accordance with 12 Pa. C.S.A. §§ 5104(a)(1) and (b).

25. The Plaintiff believes and therefore avers that the actual intent of the Debtor to hinder, delay or defraud his creditors is clearly and convincingly demonstrated by the following facts and circumstances identified below:

(a) The Debtor received no reasonably equivalent value for the Transfer;

(b) The Transfer was made to the Defendant who is a statutory insider of the Debtor;

(c) The Transfer occurred when the Debtor was having financial difficulties;

(d) The Transfer occurred when the Debtor had been sued or threatened with suit;

(e) The Transfer was substantially all of the Debtor’s assets; and

(f) The Transfer occurred at a time when the Debtor was insolvent or likely to become insolvent as a result of the Transfer.

26. In short, the Plaintiff believes and therefore avers that the Debtor intended, believed, or reasonably should have believed that by making the Transfer to the Defendant he would be unable to meet his obligations to his creditors.

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant in accordance with 11 U.S.C. § 544(b)(1) and 12 Pa. C.S.A. §§ 5104(a)(1) and (b) as follows:

(a) Declaring that the Transfer be set aside and declared void;

(b) Preserving the voided transfer for the benefit of the Debtor's estate under 11 U.S.C. § 551;

(c) Awarding pre- and post-judgment interest;

(d) Awarding the Plaintiff her costs and reasonable attorneys' fees; and

(e) Granting such other relief as this Honorable Court deems just and appropriate.

**COUNT II**

**<u>To Avoid Constructive Fraudulent Transfer Pursuant to 11 U.S.C. § 544</u>**

27. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 26 hereof as if fully set forth herein at length.

28. A bankruptcy trustee may recover fraudulent transfers made by a debtor by the use of state law through the portal of 11 U.S.C. § 544(b)(1). One of the state law theories that the Plaintiff seeks to apply in this action to avoid the constructive fraud incurred is § 5104 of the PUVTA:

> (a) General rule. — A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

> . . .
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due . . .

*See*, 12 Pa. C.S.A. § 5104(a)(2).

29. In this action, a review of the present set of facts shows that the Plaintiff is empowered to pursue claims for a fraudulent transfer on behalf of the Debtor's estate.

30. In this action, a review of the present set of facts shows that the fraudulent transfer claims being pursued by the Plaintiff occurred within four (4) years of the Petition Date.

31. As already stated, a review of the present set of facts affirmatively demonstrates that the Debtor made the Transfer to the Defendant. *See*, Exhibit "A".

32. Specifically, a review of the present set of facts affirmatively demonstrates that the Transfer constituted a transfer of an interest of the Debtor in property.

33. As set forth herein, at the time of the Transfer, the Debtor owed creditors in excess of $50,000.00 including, but not limited to, the Internal Revenue Service, Security Credit Services, ECMC, Bank of America, Comenity Capital, ED Financial, Upgrade and Midland Credit Management.

34. In addition, as set forth herein, at the time of the Transfer, the Debtor had no meaningful assets other than the Property.

35. This being so, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor was insolvent, or likely to

become insolvent as a result of the Transfer.

36. In like manner, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor was engaged in, or about to be engaged in, a business or a transaction for which his remaining assets were unreasonably small capital.

37. At the same time, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor would incur debts beyond his ability to pay.

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant pursuant to 11 U.S.C. §§ 544(b)(1) and 12 Pa. C.S.A. §§ 5104(a)(2) as follows:

(a) Declaring that the Transfer be set aside and declared void;

(b) Preserving the voided transfer for the benefit of the Debtor's estate under 11 U.S.C. § 551;

(c) Awarding pre- and post-judgment interest;

(d) Awarding the Plaintiff her costs and reasonable attorneys' fees; and

(e) Granting such other relief as this Honorable Court deems just and appropriate.

**COUNT III**

**To Recover the Transfer Pursuant to 11 U.S.C. § 550**

38. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 37 hereof as if fully set forth herein at length.

39. The Bankruptcy Code, at 11 U.S.C. § 550, empowers bankruptcy trustees to recover avoided transfers from initial transferees and subsequent transferees.

40. This section gives the Plaintiff the ability to recover avoided transfers or their value for the benefit of the estate, and provides, in pertinent part, as follows:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from —
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> (2) any immediate or mediate transferee of such initial transferee.

*See*, 11 U.S.C. § 550(a).

41. The Defendant is the initial transferee of the Transfer within the meaning of § 550(a)(1) of the Bankruptcy Code. *See*, Exhibit "A".

42. Pursuant to § 550(a) of the Bankruptcy Code, the Plaintiff may recover, for the benefit of the Debtor's estate, the property transferred to the Defendant as described herein or the value of such property.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant pursuant to 11 U.S.C. § 550(a) as follows:

(a) Recovering, for the benefit of the Debtor's estate, the Transfer or its value in accordance with 11 U.S.C. § 550(a)(1);

(b) Awarding the Plaintiff her costs and reasonable attorneys' fees;

(c) Awarding pre-judgment and post-judgment interest and

(d) Granting such other relief as this Honorable Court deems just and appropriate.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Plaintiff/Trustee*

Dated: September 11, 2026

# EXHIBIT "A"

A.

**U.S DEPARTMENT OF HOUSING & URBAN DEVELOPMENT**

# SETTLEMENT STATEMENT

**B. TYPE OF LOAN**

1. ☐ FHA 2. ☐ FMHa 3. ☒ Conv. Unins 4. ☐ VA 5. ☐ Conv. Ins

6. FILE NUMBER: CAN-0180-FNT

7. LOAN NUMBER:

8. MORTGAGE INS CASE NUMBER:

C. Note: *This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.*

1.0 3/98 (CAN-0180-FNT/29)

| D. NAME AND ADDRESS OF BORROWER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Jia Jia Zheng | Francisco Hernandez<br>3611 Sussex Lane<br>Philadelphia, PA 19114 | |

| G. PROPERTY LOCATION: | H. SETTLEMENT AGENT: 92-3728330 | I. SETTLEMENT DATE: |
|---|---|---|
| 3611 Sussex Lane<br>Philadelphia, PA 19114<br>Philadelphia County, Pennsylvania | Closing Abstract Network, LLC<br>PLACE OF SETTLEMENT:<br>12 Terry Drive<br>Suite 103<br>Newtown, PA 18940 | July 09, 2024<br>DISBURSEMENT DATE:<br>July 09, 2024 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract sales price | 280,000.00 | 401. Contract sales price | 280,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 16,970.45 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments for items paid by seller in advance* | | *Adjustments for items paid by seller in advance* | |
| 106. City/Town taxes 07/09/24 to 01/01/25 | 1,027.87 | 406. City/Town taxes 07/09/24 to 01/01/25 | 1,027.87 |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| *120. GROSS AMOUNT DUE FROM BORROWER* | *297,998.32* | *420. GROSS AMOUNT DUE TO SELLER* | *281,027.87* |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | 5,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 224,000.00 | 502. Settlement charges to seller (line 1400) | 22,587.33 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | 187,309.61 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. Dep. disbursed as proceeds | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments for items unpaid by seller* | | *Adjustments for items unpaid by seller* | |
| 210. City/Town taxes | | 510. City/Town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. Proceeds (70%) to Meyling Del Socorro Jiminez | 49,791.65 |
| 217. | | 517. Proceeds (30%) to Francisco Hernandez | 21,339.28 |
| 218. | | 518. | |
| 219. | | 519. | |
| *220. TOTAL PAID BY/FOR BORROWER* | *229,000.00* | *520. TOTAL REDUCTION AMOUNT DUE SELLER* | *281,027.87* |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross amount due from Borrower (Line 120) | 297,998.32 | 601. Gross amount due to Seller (Line 420) | 281,027.87 |
| 302. Less amount paid by/for Borrower (Line 220) | ( 229,000.00) | 602. Less reductions due Seller (Line 520) | ( 281,027.87) |
| 303. CASH FROM BORROWER | 68,998.32 | 603. CASH TO/FROM SELLER | 0.00 |

*By signing page 2 of this statement, the signatories acknowledge receipt of a completed copy of page 1 of this two page statement.*

## L. SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700.** | **TOTAL COMMISSIONS Based on Price** $ 280,000.00 @ 5.5000 % 15,400.00 | | |
| | *Division of Commission (line 700) as Follows:* | | |
| 701. | $ 7,700.00 to Commerce Real Estate | | |
| 702. | $ 7,700.00 to ReMax One | | |
| 703. | Commission paid at settlement | | 15,400.00 |
| 704. | Broker Fee to ReMax One | | 495.00 |
| **800.** | **ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. | Loan origination fee 1.0000% to Paramount Mortgage Resources, Inc. | 2,240.00 | |
| 802. | Loan discount to | | |
| 803. | Appraisal fee POC $575.00 to Candidi Appraisal Service | | |
| 804. | Credit report POC $67.51 to Xactus | | |
| 805. | Lender's inspection fee to | | |
| 806. | Mortgage insurance application fee to | | |
| 807. | Assumption fee to | | |
| 808. | Document Prep Fee to Parke Bank | 1,000.00 | |
| 809. | Flood Cert Fee to ServiceLink, Inc. | 13.86 | |
| 810. | Tax Service Fee to Corelogic | 81.00 | |
| 811. | to | | |
| **900.** | **ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. | Interest From 7/9/2024 to 8/1/2024 @ $ /day (23 days %) | 1,037.56 | |
| 902. | Mortgage insurance premium for month to | | |
| 903. | Hazard insurance premium for 1 year to L & D Insurance | 873.00 | |
| 904. | for year to | | |
| 905. | to | | |
| **1000.** | **RESERVES DEPOSITED WITH LENDER** | | |
| 1001. | Hazard insurance premium 3.000 Months @ $ 72.75 per Month | 218.25 | |
| 1002. | Mortgage insurance Months @ $ per Month | | |
| 1003. | City/Town taxes 8.000 Months @ $ 271.44 per Month | 2,171.52 | |
| 1004. | County property taxes Months @ $ per Month | | |
| 1005. | Annual assessments Months @ $ per Month | | |
| 1006. | Months @ $ per Month | | |
| 1007. | Months @ $ per Month | | |
| 1008. | Aggregate Adjustment Months @ $ per Month | -509.19 | |
| **1100.** | **TITLE CHARGES** | | |
| 1101. | Email/Printing Fee to Closing Abstract Network, LLC | 55.00 | |
| 1102. | Wire Fee to Closing Abstract Network, LLC | 15.00 | |
| 1103. | Courier Fee to Closing Abstract Network, LLC | 20.00 | |
| 1104. | Proceeds wire fees to Closing Abstract Network, LLC | | 60.00 |
| 1105. | Deed Prep Fee to Closing Abstract Network, LLC | | 95.00 |
| 1106. | Buyer Notary Fee to Christy Traenkle | 60.00 | |
| 1107. | Attorney's fees to | | |
| | (includes above item numbers: ) | | |
| 1108. | Owner's policy premium to Closing Abstract Network, LLC | 2,051.00 | |
| | (includes above item numbers: ) | | |
| 1109. | Lender's coverage $ 224,000.00 | | |
| 1110. | Owner's coverage $ 280,000.00 2,051.00 | | |
| 1111. | Wire Fee - Payoff to Closing Abstract Network, LLC | | 30.00 |
| 1112. | Closing Service Letter to Fidelity National Title Insurance Company | 125.00 | |
| 1113. | See additional 1113 items to | 400.00 | |
| **1200.** | **GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. | Recording fees; Deed $274.75; Mortgage $244.75; Releases | 519.50 | |
| 1202. | City/County tax/stamps; Deed $9,178.40; Mortgage | 4,589.20 | 4,589.20 |
| 1203. | State tax/stamps; Deed $2,800.00; Mortgage | 1,400.00 | 1,400.00 |
| 1204. | Record ARL to Simplifile | 259.75 | |
| 1205. | City Cert Fee to ReMax One | | 165.00 |
| **1300.** | **ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. | WS Excess Usage 2007 / 2018 to Water Revenue Bureau | | 94.82 |
| 1302. | Gas Bill - 0 Due to | | |
| 1303. | Conveyancing Fee to Commerce Real Estate | 350.00 | |
| 1304. | WS Bill to Water Revenue Bureau | | 231.55 |
| 1305. | WS Service 6/13-7/9 to Water Revenue Bureau | | 26.76 |
| **1400.** | **TOTAL SETTLEMENT CHARGES (Enter on Lines 103, Section J and 502, Section K)** | 16,970.45 | 22,587.33 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.

Borrower [signature] Seller [signature] agent for Francisco Hernandez

Jia Jia Zheng Francisco Hernandez

Closing Abstract Network, LLC

BY: ______ 7/9/2024

Settlement Agent

# HUD-1, Attachment

**Borrower:** Jia Jia Zheng

**Seller:** Francisco Hernandez
3611 Sussex Lane
Philadelphia, PA 19114

**Lender:**

**Settlement Agent:** Closing Abstract Network, LLC
(215)565-6789

**Place of Settlement:** 12 Terry Drive
Suite 103
Newtown, PA 18940

**Close of Escrow:** July 9, 2024

**Disbursement Date:** July 9, 2024

**Property Location:** 3611 Sussex Lane
Philadelphia, PA 19114
Philadelphia County, Pennsylvania

**Additional Disbursements**

| Payee/Description | Note/Ref. No. | Borrower | Seller |
|---|---|---|---|
| Closing Abstract Network, LLC<br>TIRBOP Endorsement 100 (Covenants, Conditions and Restrictions) | | 100.00 | |
| Closing Abstract Network, LLC<br>TIRBOP Endorsement 300 (Mortgage Survey Exception) | | 100.00 | |
| Closing Abstract Network, LLC<br>TIRBOP Endorsement 710 (Variable Rate Mortgage) | | 100.00 | |
| Closing Abstract Network, LLC<br>TIRBOP Endorsement 900 (Environmental Protection Lien - Residential) | | 100.00 | |
| | **Total Additional Disbursements** | **400.00** | **0.00** |

**Payoffs**

| Payee/Description | Note/Ref. No. | Borrower | Seller |
|---|---|---|---|
| | | | 187,309.61 |
| Payoff of first mortgage loan | | | |
| Loan Payoff | $187,309.61 | | |
| Total Payoff | $187,309.61 | | |

**EXHIBIT "B"**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| **FRANCISCO HERNANDEZ-GOMEZ** | : | **BANKRUPTCY NO. 26-12918 (PMM)** |
| **Debtor** | : | |
| **CHRISTINE C. SHUBERT, in her capacity as the Chapter 7 Trustee for the Estate of FRANCISCO HERNANDEZ-GOMEZ** | : | |
| **Plaintiff** | : | |
| **v.** | : | **ADVERSARY NO. 26-** |
| **MEYLING DEL SOCORRO JIMENEZ-GOMEZ** | : | |
| **Defendant** | : | |

**DECLARATION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, IN SUPPORT OF THE COMPLAINT OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, TO AVOID AND RECOVER A FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 550**

The undersigned hereby swears and affirms pursuant to 28 U.S.C. § 1746 that the following information is true and correct to the best of my knowledge, information and belief:

1. I am the Chapter 7 Trustee of the above-referenced bankruptcy estate.

2. On September 11, 2026, I filed the Complaint of Christine C. Shubert, Chapter 7 Trustee, to Avoid and Recover a Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544 and 550 (the "Complaint").

3. I reviewed the Complaint prior its filing with the Court.

4. All of the facts and averments set forth in the Complaint are true and correct and I offer these facts and averments in support of the relief sought in the Complaint.

5. I declare under penalty of perjury that the foregoing is true and correct.

/s/ Christine C. Shubert
Christine C. Shubert,
Chapter 7 Trustee

Dated: September 11, 2026